# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **ED THOMAS DILL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   4:19-CV-01206-NCC** |
| | ) | |
| **VACCARO & SONS PRODUCE, INC.,** | ) | |
| **and JEREMY P. KLOBE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Vaccaro & Sons Produce, Inc. and Jeremy P. Klobe's Motion to Strike (Doc. 20) and Plaintiff Ed Thomas Dill, Jr.'s interrelated Motion for New Scheduling Order (Doc. 21). Defendants request the Court strike Plaintiff's witness, Dr. Matthew Gornet ("Dr. Gornet"), from testifying in this action. In support of their request, Defendants indicate that on March 19, 2020, Plaintiff disclosed Dr. Gornet as a doctor who may "testify that Plaintiff has suffered a back injury due to the crash in question." As of Defendants' filing, Plaintiff had not yet been seen by Dr. Gornet.[1] Defendants further assert that Plaintiff retained Dr. Gornet for the purposes of this lawsuit. Thus, Defendants argue Dr. Gornet is an expert witness and he should be barred from testifying because Plaintiff failed to provide a report from him as required by the Case Management Order and Federal Rule of Civil Procedure 26. [Add the deadlines set forth in the CMO]. Plaintiff subsequently responded to Defendants' Motion and moved to amend the scheduling order (Docs. 21, 22). Plaintiff asserts that Dr.

---

[1] Plaintiff indicates in his Motion that his first office visit was scheduled for April 20, 2020 (Doc. 21 at 2).

Gornet is a treating physician and Plaintiff timely disclosed him.  Plaintiff argues that Defendants will not be prejudiced if the Court were to grant extensions to the discovery deadline and trial setting.  However, neither defense counsel nor Plaintiff's counsel have certified that the parties have met and conferred regarding these matters.

Local Rule 3.04 requires movant's counsel to confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so before filing any motion relating to discovery and disclosure.  "'Good faith' requires 'a genuine attempt to resolve the discovery dispute through nonjudicial means,' and 'conferment' requires the parties 'to have had an actual meeting or conference.'"  *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014).  *See, e.g. Black Hills Molding, Inc. v. Brandom Holdings, LLC,* 295 F.R.D. 403, 409 (D.S.D. 2013) (noting "good faith" effort by defense counsel included no less than seven contacts by telephone, email, letter and in-person conversations).  The requirement to confer in good faith is critical to the litigation process.  This requirement helps to narrow the issues presented to the Court and to eliminate unnecessary motion practice.  It is not an empty formality.  *See Williams* 2014 WL 6463306, at *2.  In this case, counsel did not complete the required good faith attempt to confer in person or by telephone.  *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) to note the difference between "an attempt to confer" and a "good faith attempt to confer").  The Motions are fully briefed and, yet, important matters remain unresolved.

To avoid repetition of these issues,

**IT IS HEREBY ORDERED**

1)  The parties must meet and confer within seven (7) business days regarding any

2

relevant medical findings as a result of Plaintiff's initial appointment with Dr. Gornet and to establish the parties' positions about Dr. Gornet's role as a possible trial witness; and

2) discuss an amended proposed scheduling order which they will jointly submit to the Court within fourteen (14) business days of this Order for review and approval.

**IT IS FURTHER ORDERED** that the Court will hold a status hearing by video teleconference upon review of the parties' joint proposed schedule.

Dated this 1st day of May, 2020.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

3