# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ED THOMAS DILL, JR., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> VACCARO & SONS PRODUCE, INC., ) <br> and JEREMY P. KLOBE, ) <br> ) <br> **Defendants.** ) | Case No.   4:19-CV-01206-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Vaccaro & Sons Produce, Inc. and Jeremy P. Klobe's Motion to Strike (Doc. 20) and Plaintiff Ed Thomas Dill, Jr.'s interrelated Motion for New Scheduling Order (Doc. 21).  Defendants request the Court strike Plaintiff's witness, Dr. Matthew Gornet ("Dr. Gornet"), from testifying in this action.  In support of their request, Defendants indicate that on March 19, 2020, Plaintiff disclosed Dr. Gornet as a doctor who may "testify that Plaintiff has suffered a back injury due to the crash in question."  As of Defendants' filing, Plaintiff had not yet been seen by Dr. Gornet.[1]  Defendants further assert that Plaintiff retained Dr. Gornet for the purposes of this lawsuit.  Thus, Defendants argue Dr. Gornet is an expert witness and he should be barred from testifying because Plaintiff failed to provide a report from him as required by the Case Management Order and Federal Rule of Civil Procedure 26.  The deadline for Plaintiff's disclosure of his expert witnesses and their reports was November 1, 2019 and the discovery deadline was March 20, 2020 (Doc. 15).  Plaintiff subsequently

---

[1] Plaintiff indicates in his Motion that his first office visit was scheduled for April 20, 2020 (Doc. 21 at 2).

responded to Defendants' Motion and moved to amend the scheduling order (Docs. 21, 22). Plaintiff asserts that Dr. Gornet is a treating physician and Plaintiff timely disclosed him. Plaintiff argues that Defendants will not be prejudiced if the Court were to grant extensions to the discovery deadline and trial setting.  However, neither defense counsel nor Plaintiff's counsel certified that the parties met and conferred regarding these matters.  Therefore, the Court directed the parties to meet and confer and to file an amended proposed scheduling order.  The parties have timely filed their joint scheduling plan in which they indicate no further resolution of the underlying issues regarding Dr. Gornet.

Upon review of the briefings, the Court will prohibit the testimony of Dr. Gornet as to causation but will permit his testimony of as to facts identified during his treatment of Plaintiff. A party must disclose expert opinions "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  The nature and extent of the required disclosure turns on whether or not the expert witness is "retained or specially employed to provide expert testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B).  For such retained experts, a party must produce a detailed expert report, "[u]nless otherwise stipulated or ordered by the court." *Id.* "The disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018).  Absent stipulation of the parties or a court order, parties must disclose the identity of non-retained experts who may testify at trial and disclose "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).  Indeed, the Court provides guidance regarding this issue in the Undersigned's Judicial Requirements:

> Treating health care providers who are testifying as to matters contained in their

> treatment notes will not be required to prepare reports or provide the other information required by Rule 26(a)(2)(B).  In such cases, health care providers will normally be limited to providing opinions that are related to the treatment and disclosed in their notes.  In some cases, providers may be required to prepare reports (for example, where the provider is testifying as to causation).

https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/ncc.pdf.  Thus, as Plaintiff failed to disclose Dr. Gornet as an expert or prepare a report by the deadline set in the Case Management Order, the Court will not permit him to testify as to causation.  However, the Court finds that Dr. Gornet may testify as to the facts obtained through his treatment of Plaintiff.  In order to facilitate the exchange of this information and to afford Defendants an opportunity to depose Dr. Gornet, the Court will amend the Case Management Order in the matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Vaccaro & Sons Produce, Inc. and Jeremy P. Klobe's Motion to Strike (Doc. 20) and Plaintiff Ed Thomas Dill, Jr.'s interrelated Motion for New Scheduling Order (Doc. 21) are **GRANTED, in part** and **DENIED, in part** as indicated herein.

**IT IS FURTHER ORDERED** that a separate First Amended Case Management Order will be issued concurrently with this Order.

Dated this 2nd day of June, 2020.

                                                                /s/ Noelle C. Collins  
                                                         NOELLE C. COLLINS  
                                                         UNITED STATES MAGISTRATE JUDGE