## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ED THOMAS DILL, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.   **4:19-CV-01206-NCC** |
| ) | |
| **VACCARO & SONS PRODUCE, INC.,** ) | |
| **and JEREMY P. KLOBE,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ed Thomas Dill, Jr.'s Motion to Reconsider Order Barring Causation Opinion by Treating Physician and Memorandum of Law in Support (Doc. 30).  The motion is fully briefed and ready for disposition.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 10).  For the following reasons, Plaintiff's Motion will be **DENIED**.

On June 2, 2020, the Court entered an Order barring the testimony of Dr. Matthew Gornet ("Dr. Gornet"), Plaintiff's physician, as to causation but permitting his testimony as to facts identified during his treatment of Plaintiff.  In doing so, the Court found that Plaintiff had failed to properly disclose Dr. Gornet or provide a report required by Federal Rule of Civil Procedure 26(a)(2)(C) and the Undersigned's Judicial Requirements.  The Court also amended the case management order in this matter to afford the parties an opportunity to properly depose Dr. Gornet and to allow Defendants an opportunity to move forward with their expert discovery in light of the late disclosure of Dr. Gornet.  Plaintiff now seeks reconsideration of the Court's Order, asserting (1) the Court erroneously concluded Dr. Gornet is a medical expert rather than a

treating physician; and (2) the Court erroneously assumed Dr. Gornet did not render a causation opinion in his record of treatment (Doc. 30 at 4).

      As a preliminary matter, the Court finds that Federal Rule of Civil Procedure 60(b) applies in this instance, as the motion is not directed at a final judgment.  *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  *See also Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation marks omitted) ("[W]e have determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders.").  Federal Rule of Civil Procedure 60(b) permits relief from an order due to, as relevant here, mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Relief under "Rule 60(b) is an 'extraordinary remedy' that is justified only under 'exceptional circumstances.'"  *Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).  Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."  *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).  The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings.  *See Broadway*, 193 F.3d at 989-90.  District courts enjoy broad discretion in ruling on motions to reconsider.  *See Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993).

      The Court finds no reason raised to reconsider and vacate its prior order.  Contrary to Plaintiff's assertion, the Court previously evaluated Dr. Gornet as a treating physician.  In this Circuit and under the Federal Rules of Civil Procedure, a treating physician testifying as to

causation, even if causation is indicated in his record of treatment, is treated as a non-retained expert and must be disclosed with an accompanying report. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). *See also Bayes v. Biomet, Inc.*, No. 4:13-CV-00800-SRC, 2020 WL 5848068, at *1 (E.D. Mo. Oct. 1, 2020). The report in such cases is not as extensive as those for retained experts but the report must include "the subject matter on which the witness is expected to present" expert opinion testimony, in this case the causation of Plaintiff's injuries, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(c). As this area of the rules is particularly convoluted, the Undersigned has provided guidance in her Judicial Requirements clarifying that statements as to causation would require a report under the Rules. *See* https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/ncc.pdf. In this instance, Plaintiff did not disclose Dr. Gornet in any manner until March 19, 2020, several months after the expert disclosure deadline had passed. While Plaintiff has now seen Dr. Gornet on several occasions and has formed a treatment relationship with him, this relationship does not alter the Court's analysis. When a party fails to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a), the party may not use that information to supply evidence on a motion, at a hearing, or at a trial. Fed. R. Civ. P. 37(c). As such, Dr. Gornet may not testify as to causation but, as Plaintiff's physician, may testify to the facts obtained through his treatment of Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ed Thomas Dill, Jr.'s Motion to Reconsider Order Barring Causation Opinion by Treating Physician and Memorandum of Law in Support (Doc. 30) is **DENIED**.

Dated this 18th day of November, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE